FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2017 AUG 25 AM 10: 58

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

MARK YENCARELLI,

Plaintiff,

8:17-cv-2029-T-36AEP

vs.

GOVERNMENT EMPLOYEES INSURANCE
COMPANY; USAA CASUALTY INSURANCE
COMPANY,

Defendants.

## DEFENDANT USAA CASUALTY INSURANCE COMPANY'S
## NOTICE OF REMOVAL

Defendant USAA Casualty Insurance Company ("USAA CIC") pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 files a Notice of Removal to this Court of the above-captioned matter from the Thirteenth Judicial Circuit, Hillsborough County, Florida. In support of the removal of this action, Defendant USAA CIC states as follows:

1. Plaintiff Mark Yencarelli ("Plaintiff") filed a civil action against USAA CIC and co-Defendant Government Employees Insurance Company ("GEICO") in the Circuit Court for Hillsborough County, Florida, Case No.: 2017-CA-006942, for alleged injuries arising out of a motor vehicle accident that occurred in Hillsborough, Florida on October 23, 2015.

2. The Complaint contains four counts:

    Count I:      Uninsured/ Underinsured Claim against USAA CIC[1]
    Count II:     Uninsured/ Underinsured Claim against GEICO
    Count III:    Bad Faith Claim against USAA CIC
    Count IV:    Bad Faith Claim against GEICO

---

[1] Count One is contained within the general allegations section and is not clearly marked. However, for purposes of Removal, Defendant USAA CIC maintains Count I consists of paragraphs 11 – 15.

3. Defendant USAA CIC removes this action on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. This civil action is between citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

4. Plaintiff and all Defendants are diverse in citizenship.

5. Plaintiff is a resident and citizen of Pinellas County, Florida. See (Compl. ¶ 5); McCormick v. Aderholt, 293 F. 3d 1254, 157-58 (11th Cir. 2002) (citizenship is equivalent to domicile).

6. Defendant GEICO is a foreign corporation, incorporated under the laws Maryland with its principal place of business in Chevy Chase, Maryland.

7. Defendant USAA CIC is a foreign corporation, incorporated under the laws of Texas with its principal place of business in San Antonio, Texas.

8. Accordingly, for the purpose of determining whether diversity jurisdiction exists, Defendant USAA CIC is a citizen of Texas and Defendant GEICO is a citizen of Maryland. See 28 U.S.C. §1332(c) (A corporation is a citizen of any state in which it is incorporated and of the state where its principal place of business is located).

9. Based on Plaintiff's allegations contained in his Complaint and Civil Remedy Notice ("CRN"), the amount in controversy exceeds $75,000.00, exclusive of costs and interests.

10. Plaintiff's Complaint alleges Plaintiff Mark Yencarelli has suffered significant and permanent injuries, disability, disfigurement, hospitalization expenses, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money, as well as non-economic damages

including, but not limited to, pain and suffering, mental anguish and loss of the enjoyment of life. (Compl. ¶¶ 10, 15).

11. On October 25, 2016, Plaintiff filed a Civil Remedy Notice ("CRN") demanding USAA CIC pay $100,000 in UM benefits under the USAA CIC policy. See **Exhibit A.**

12. On October 25, 2016, Plaintiff also filed a CRN directed to GEICO.

13. Plaintiff's CRN also seeks the UM benefits of Defendant GEICO in the amount of $100,000.

14. Service on Defendant USAA CIC occurred on July 27, 2017. As such, Defendant timely files this Notice of Removal within 30 days. 28 U.S.C. §1446(b); Fed. R. Civ. P. 6(a)(1).

15. The United States District Court for the Middle District of Florida, Tampa Division, encompasses the location of the State Court action. Thus, Defendant may properly remove the State Court action to this Court pursuant to 28 U.S.C. § 1441(a).

16. Copies of all process, pleadings, and Orders served upon Defendant are filed concurrently with this Notice of Removal as required by 28 U.S.C. §1446(a). **Exhibit B.**

17. Defendant USAA CIC has requested and obtained consent from Co-Defendant GEICO for the removal of this case to the United States District Court for the Middle District of Florida, Tampa Division in accordance with 28 U.S.C. § 1441(b)(2)(a). **Exhibit C.**

18. Pursuant to 28 U.S.C. §1446(b), Defendant USAA CIC served written notice on Plaintiff and Co-Defendant GEICO of this Notice of Removal. USAA CIC filed and served a true and correct copy of the Notice of Filing Notice of Removal with the State Court as required by 28 U.S.C. §1446(d). **Exhibit D.**

19. Defendant USAA CIC has submitted herewith a filing fee of $400.00.

WHEREFORE, Defendant USAA CIC respectfully requests that this Court accept the removal of this action from State Court.

**BOYD & JENERETTE, P.A.**

/s/ *Andrew P. Collins, II*
KRISTEN M. VAN DER LINDE
Florida Bar No. 0964573
ANDREW P. COLLINS, II
Florida Bar No. 0011809
201 North Hogan Street, Suite 400
Jacksonville, Florida 32202
904-353-6241 - Telephone
904-493-3739 - Facsimile
Attorneys for Defendant USAA CIC
Primary Address for E-service:
efiling@boydjen.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished by eService on August 25, 2017 to James L. Magazine, Esq. (LucasMagazine@LucasMagazine.com; and LSolfio@LucasMagazine.com) 8606 Government Drive, New Port Richey, Florida 34654; Brendan B. Fletcher, Esq. (brendan.fletcher@usaa.com)100 S. Ashley Dr. Ste 550, Tampa, Florida 33602; and T.R. Unice, Jr., Esq. (service@unicesalzman.com; jjensen@unicesalzman.com; and kbidyk@unicesalzman.com) 1815 Little Road, Trinity, Florida 34655.

/s/ *Andrew P. Collins, II*
Attorney

02295177