IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, STATE OF FLORIDA
CIVIL DIVISION

MARK YENCARELLI,

     Plaintiff,

                              Case No.:

vs.

USAA CASUALTY INSURANCE
COMPANY, a Florida Profit Corporation
and GOVERNMENT EMPLOYEES
INSURANCE COMPANY, a Florida
Profit Corporation,

     Defendants.
_____/

## COMPLAINT

Plaintiff, MARK YENCARELLI, by and through his undersigned attorney, sues the

Defendants, USAA CASUALTY INSURANCE COMPANY, a Florida Profit Corporation and

GOVERNMENT EMPLOYEES INSURANCE COMPANY, a Florida Profit Corporation, and

alleges:

1.     This is an action for damages that exceeds Fifteen Thousand ($15,000.00) Dollars,

exclusive of costs and interest.

2.     The Thirteenth Judicial Circuit Court has venue pursuant to Florida Statutes, §47.011,

because the accident occurred in Hillsborough County, Florida.

3.     The Thirteenth Judicial Circuit Court has personal jurisdiction over Defendant, USAA

CASUALTY INSURANCE COMPANY, hereinafter referred to as "USAA" pursuant to Florida

Statutes §48.193, because said company contracted to insure persons, property, and/or risks

located within the state of Florida at the time of contracting, and because said company operated,

conduced, engaged in, or carried on a business or business venture within the state of Florida.

4.      The Thirteenth Judicial Circuit Court has personal jurisdiction over Defendant,

GOVERNMENT EMPLOYEES INSURANCE COMPANY, hereinafter referred to as "GEICO"

pursuant to Florida Statutes §48.193, because said company contracted to insure persons,

property, and/or risks located within the state of Florida at the time of contracting, and because

said company operated, conduced, engaged in, or carried on a business or business venture

within the state of Florida.

5.      Plaintiff, MARK YENCARELLI, is now, and was at the time of the incident, a resident

of Pinellas County, Florida.

6.      Defendant, USAA, is now, and was at the time of the incident, a Florida Profit

Corporation licensed to, and doing business within the State of Florida.

7.      Defendant GEICO, is now, and was at the time of the incident, a Florida Profit

Corporation licensed to, and doing business within the State of Florida.

8.      On or about October 23, 2015, Vasco Jackson, owned a 1998 Buick motor vehicle in

Polk County, Florida.

9.      At that time and place, Vasco Jackson, negligently operated or maintained the motor

vehicle so that it collided with the motor vehicle in which the Plaintiff was a passenger.

10.     As a result, the Plaintiff, MARK YENCARELLI, suffered bodily injury and resulting

pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment

of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss

of ability to earn money, and aggravation of a previously existing condition. The losses are either

permanent or continuing and Plaintiff will suffer the losses in the future.

11.     A policy of automobile insurance, including and providing uninsured/underinsured

motorist coverage, known as Policy No. 016948763, was issued and delivered in the State of

Florida by the Defendant USAA to Renate Skeens. Said policy was in full force and effect as to the Plaintiff on the date of the motor vehicle accident hereinabove alleged and provided uninsured/underinsured motorists coverage to him on account of that accident.

12. Plaintiff does not have in his possession a copy of the Policy, but Defendant does.

13. At the time and place of the motor vehicle accident described hereinabove, the motor vehicle operated by Vasco Jackson was an uninsured/underinsured motor vehicle under the terms and conditions of the insurance contract issued by the Defendant USAA and as more particularly alleged hereinabove.

14. The damages for the bodily injury sustained by the Plaintiff, MARK YENCARELLI, as a result of the motor vehicle accident exceed the total amount of any bodily injury liability insurance coverage for the vehicle owned and operated by Vasco Jackson, thereby entitling the Plaintiff to benefits under the uninsured motorist coverage of the insurance policy with the Defendant USAA.

15. Prior to the bringing of this action, the Plaintiff performed all his obligations and conditions under the insurance policy to be performed by him so as to entitle him to recover under the uninsured/underinsured motorist coverage thereof. Further, the Plaintiff has fully complied with all the terms of the insurance policy and all conditions precedent to the bringing of this action have been satisfied by the Plaintiff.

WHEREFORE, the Plaintiff, MARK YENCARELLI, demands judgment for damages against the Defendant, USAA CASUALTY INSURANCE COMPANY, and hereby demands a trial by jury.

## COUNT II

16. Plaintiff, MARK YENCARELLI, adopts and realleges all prior material paragraphs as if

fully set forth herein.

17.    The Defendant, GEICO is, and was at all times material hereto, a Florida Profit Corporation doing business in the state of Florida.

18.    The Defendant, GEICO, is, and was at all times material hereto, a Florida insurer duly authorized to transact insurance in the State of Florida and authorized and eligible to write motor vehicle liability insurance in said state.

19.    A policy of automobile insurance, including and providing uninsured motorist coverage, known as Policy No. 4182085946, was issued and delivered in the State of Florida by the Defendant GEICO to MARK YENCARELLI. Said policy was in full force and effect as to the Plaintiff, MARK YENCARELLI, on the date of the motor vehicle accident hereinabove alleged and provided uninsured/underinsured motorists coverage to him on account of that accident. Plaintiff does not have in his possession a copy of the Policy, but Defendant, GEICO, does.

20.    At the time and place of the motor vehicle accident described hereinabove, the motor vehicle operated by Vasco Jackson, was an uninsured/underinsured motor vehicle under the terms and conditions of the insurance contract issued by the Defendant, GEICO, and as more particularly alleged hereinabove, in that the limits of bodily injury liability insurance coverage on said vehicle at the time of the accident are less than the total damages sustained by the Plaintiff, MARK YENCARELLI, as a result of said accident.

21.    The damages for the bodily injury sustained by the Plaintiff, MARK YENCARELLI, as a result of the motor vehicle accident exceed the total amount of any bodily injury liability insurance coverage for the vehicle operated by Vasco Jackson, thereby entitling the Plaintiff, MARK YENCARELLI, to benefits under the uninsured/underinsured motorist coverage of the insurance policy with the Defendant, GEICO.

22.    Prior to the bringing of this action, the Plaintiff, MARK YENCARELLI, performed all

his obligations and conditions under the insurance policy to be performed by him so as to entitle

him to recover under the uninsured/underinsured motorist coverage thereof. Further, the

Plaintiff, MARK YENCARELLI, has fully complied with all the terms of the insurance policy

and all conditions precedent to the bringing of this action have been satisfied by the Plaintiff,

MARK YENCARELLI.

WHEREFORE, the Plaintiff, MARK YENCARELLI, demands judgment for damage

against the Defendant GOVERNMENT EMPLOYEES INSURANCE COMPANY, and hereby

demands a trial by jury.

## COUNT III
## INSURANCE BAD FAITH AGAINST USAA CASUALTY
## INSURANCE COMPANY

23.    Plaintiff, MARK YANCARELLI, adopts and realleges all prior material paragraphs as if

fully set forth herein.

24.    Upon issuance or renewal of said insurance policy to Renate Skeens, Defendant became

obligated to comply with the duties prescribed in Section 624.155 and Section 626.9541, Florida

Statutes.

25.    Plaintiff has performed all conditions precedent to the brining of this action pursuant to

Section 624.155, Florida Statutes, by providing written notice of the Defendant's violations

pursuant to a Civil Remedy Notice of Insurer Violation sent to the State of Florida, Department

of Insurance and to the Defendant. A copy of said Civil Remedy Notice dated October 25, 2016

and Notice Letter dated October 25, 2016 are attached hereto and marked as Exhibit A and

USAA's response is attached as Exhibit B.

26.    Upon the issuance or renewal of the policy and pursuant to Section 624.155, the

Defendant had a continuing duty to act fairly and honestly toward its insured, MARK YENCARELLI, and to attempt to settle the claims of the Plaintiff when under all circumstances it could and should have done so, had it acted fairly and honestly toward Plaintiff and with due regard for Plaintiff's interest.

27.    At all times material, Defendant knew that its $100,000 policy limits were inadequate to compensate Plaintiff for the serious and permanent injuries he sustained in the October 23, 2015 motor vehicle accident.

28.    Defendant has breached its continuing duties under Section 624.155 by not attempting in good faith to settle Plaintiff's claim when under all the circumstances it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for his interest. The Defendant breached its duties of good faith by, including but not limited to, the following acts and omissions:

        a.    Improper handling of the claim;

        b.    Refusing to settle the claim in a timely manner;

        c.    Failing to tender the policy limits in a timely manner, especially in light of the serious and permanent injuries suffered by the Plaintiff, the value of which are clearly in excess of the policy limits; and

        d.    Failing to promptly settle Plaintiff's claim when the obligation to settle the claim had become reasonably clear.

29.    Defendant also failed to cure the violations under Section 624.155 by failing to pay all the damages owed within sixty (60) days of the Civil Remedy Notice Letter and by failing to otherwise correct the circumstances giving rise to the violation.

30.    All of the continuing acts of bad faith by the Defendant caused the Plaintiff damages,

including but not limited to, economic losses, interest on the unpaid insurance benefits, costs of the underlying action and of this action and attorney's fees for the underlying action and for this action.

31.     Pursuant to Sections 627.727(10) and 624.155 Florida Statutes, in this action Plaintiff MARK YENCARELLI is entitled to recover the full amount of his damages caused by the negligence of the uninsured/underinsured tortfeasor, including damages in excess of the $100,000 uninsured/underinsured policy limits.

32.     The above-mentioned acts of the Defendant required Plaintiff to retain the Law Offices of Lucas | Magazine to represent him in this action, and Plaintiff has agreed to pay them attorney's fees for their services in this action and has agreed to reimburse them for costs advanced in the prosecution of this action.

33.     Plaintiff seeks to recover his attorney's fees, against Defendant pursuant to the provisions of Sections 624.155 and 627.428 Florida Statutes.

WHEREFORE, Plaintiff, MARK YENCARELLI, demands judgment, damages and costs against the Defendant, USAA CASUALTY INSURANCE COMPANY for the total amount of his compensatory damages, consequential damages, attorney's fees and costs of this action and interest on the unpaid benefits and on any judgment in this action and further demands trial by jury on all issues so triable.

## COUNT IV
## INSURANCE BAD FAITH AGAINST GOVERNMENT
## EMPLOYEES INSURANCE COMPANY

34.    Plaintiff, MARK YENCARELLI, adopts and realleges all prior material paragraphs as if fully set forth herein.

35.    Upon issuance or renewal of said insurance policy to the Plaintiff, Defendant GOVERNMENT EMPLOYEES INSURANCE COMPANY became obligated to comply with the duties prescribed in Section 624.155 and Section 626.9541, Florida Statutes.

36.    Plaintiff has performed all conditions precedent to the brining of this action pursuant to Section 624.155, Florida Statutes, by providing written notice of the Defendant's violations pursuant to a Civil Remedy Notice of Insurer Violation sent to the State of Florida, Department of Insurance and to the Defendant. A copy of said Civil Remedy Notice dated October 25, 2016 and Notice Letter dated October 25, 2016 are attached hereto and marked as Exhibit C and GEICO'S response is attached as Exhibit D.

37.    Upon the issuance or renewal of the policy and pursuant to Section 624.155, the Defendant had a continuing duty to act fairly and honestly toward its insured, MARK YENCARELLI, to attempt to settle the claims of the Plaintiff when under all circumstances it could and should have done so, had it acted fairly and honestly toward Plaintiff and with due regard for Plaintiff's interest.

38.    At all times material, Defendant knew that its $100,000 policy limits were inadequate to compensate Plaintiff for the serious and permanent injuries he sustained in the October 23, 2015 motor vehicle accident.

39.    Defendant has breached its continuing duties under Section 624.155 by not attempting in

good faith to settle Plaintiff's claim when under all the circumstances it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for his interest.

40.     The Defendant breached its duties of good faith by, including but not limited to, the following acts and omissions:

        a.     Improper handling of the claim;

        b.     Refusing to settle the claim in a timely manner;

        c.     Failing to tender the policy limits in a timely manner, especially in light of the serious and permanent injuries suffered by the Plaintiff, the value of which are clearly in excess of the policy limits; and

        d.     Failing to promptly settle Plaintiff's claim when the obligation to settle the claim had become reasonably clear.

41.     Defendant also failed to cure the violations under Section 624.155 by failing to pay all the damages owed within sixty (60) days of the Civil Remedy Notice Letter and by failing to otherwise correct the circumstances giving rise to the violation.

42.     All of the continuing acts of bad faith by the Defendant caused the Plaintiff damages, including but not limited to, economic losses, interest on the unpaid insurance benefits, costs of the underlying action and of this action and attorney's fees for the underlying action and for this action.

43.     Pursuant to Sections 627.727(10) and 624.155 Florida Statutes, in this action Plaintiff MARK YENCARELLI is entitled to recover the full amount of his damages caused by the negligence of the uninsured/underinsured tortfeasor, including damages in excess of the $100,000 uninsured/underinsured policy limits.

44.     The above-mentioned acts of the Defendant required Plaintiff to retain the Law Offices

of Lucas | Magazine to represent him in this action, and Plaintiff has agreed to pay them

attorney's fees for their services in this action and has agreed to reimburse them for costs

advanced in the prosecution of this action.

45.      Plaintiff seeks to recover his attorney's fees, against Defendant pursuant to the

provisions of Sections 624.155 and 627.428 Florida Statutes.

WHEREFORE, Plaintiff, MARK YENCARELLI, demands judgment, damages and costs

against the Defendant, GOVERNMENT EMPLOYEES INSURANCE COMPANY and for the

total amount of his compensatory damages, consequential damages, attorney's fees and costs of

this action and interest on the unpaid benefits and on any judgment in this action and further

demands trial by jury on all issues so triable.

<u>DEMAND FOR JURY TRIAL</u>

Plaintiff, MARK YENCARELLI, demands trial by jury on all issues triable as a matter of

right.

The Law Offices of Lucas | Magazine

JAMES L. MAGAZINE, ESQUIRE
Florida Bar No. 0842232
8606 Government Drive
New Port Richey, Florida 34654
(727) 849-5353 [Tel]
(727) 845-7949 [Fax]
Attorneys for Plaintiff
Email: LucasMagazine@LucasMagazine.com
LSolfio@LucasMagazine.com