UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARK YENCARELLI,

    Plaintiff,

v.                                                      Case No: 8:17-cv-2029-T-36AEP

USAA CASUALTY INSURANCE
COMPANY and GOVERNMENT
EMPLOYEES INSURANCE COMPANY,

    Defendants.
_____/

# ORDER

This matter comes before the Court upon Defendant Government Employee Insurance Company's Motion to Dismiss (Doc. 4), Plaintiff's response in opposition (Doc. 13), Defendant USAA Casualty Insurance Company's Motion to Dismiss (Doc. 5), and Plaintiff's response in opposition (Doc. 14). In the motions, Defendants argue that the claims fail to state a cause of action and should be dismissed. The Court, having considered the motions and being fully advised in the premises, will deny Defendant Government Employee Insurance Company's Motion to Dismiss and Defendant USAA Casualty Insurance Company's Motion to Dismiss.

## I.   STATEMENT OF FACTS[1]

On October 23, 2015, Plaintiff Mark Yencarelli was involved in a motor vehicle accident. Doc. 2 at ¶ 8. Vasco Jackson negligently operated or maintained his 1998 Buick motor vehicle so that it collided with another vehicle, in which Plaintiff was a passenger. *Id*. at ¶ 8-9. Plaintiff has

---

[1] The following statement of facts is derived from the Complaint (Doc. 2), the allegations of which the Court must accept as true in ruling on the instant Motion. *See Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F. 2d 989, 994 (11th Cir. 1983).

suffered permanent injuries. *Id.* at ¶ 10. The vehicle operated by Vasco Jackson was an uninsured/underinsured motor vehicle under the terms and conditions of the insurance contract issued by the Defendant USAA Casualty Insurance Company ("USAA CIC"). *Id.* at ¶ 13. Plaintiff also had uninsured motorist coverage through the Government Employees Insurance Company ("GEICO") at the time of the accident. *Id.* at ¶ 19.

On July 24, 2017, Plaintiff filed suit against USAA CIC and GEICO for breach of contract and statutory bad faith under Florida Statutes § 624.155 in state court. Doc. 2. On August 25, 2015, USAA CIC removed the case to this court based on diversity jurisdiction. Doc. 1. The Court has subject matter jurisdiction over this matter.[2]

## II. LEGAL STANDARD

To survive a motion to dismiss, a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, mere naked assertions are not sufficient. *Id.* A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id.*

## III. DISCUSSION

---

[2] The parties are diverse; Plaintiff is a citizen of Florida, USAA CIC is a citizen of Texas, and GEICO is a citizen of Maryland. *See* Doc. 1 at ¶¶ 5, 8. The amount in controversy exceeds $75,000. *See id.* at ¶ 9-13; Doc. 1-1 at 4 (listing medical bills totaling $217, 902.01).

USAA CIC argues that the Court should dismiss Counts I and III for failure to attach a copy of the subject insurance policies. Although the state court rules in Florida require plaintiffs to attach "[a]ll bonds, notes, bills of exchange, contracts, accounts, or documents upon which action may be brought or defense made," Fla. R.Civ.P. 1.130(a); the same does not apply in federal court. *See Twombly,* 127 S.Ct. at 1964–65 ("[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations"). It is adequate for Plaintiff to allege that a contract exists, without attaching the contract to the complaint in federal court. *Manicini Enterprises, Inc. v. Am. Exp. Co.*, 236 F.R.D. 695, 698 (S.D. Fla. 2006) (holding that plaintiff's failure to attach purported written contracts to complaint asserting breach of express contract did not warrant dismissal for failure to state a claim); *Gulf Coast Produce, Inc. v. American Growers, Inc.*, No. 07–80633–Civ, 2008 WL 660100, at * 2 (S.D. Fla. Mar.7, 2008) (holding that it is unnecessary to attach the contract to the complaint to allege a claim for breach of contract). Accordingly, USAA CIC's Motion will be denied on this basis.

USAA CIC also argues that the Court should dismiss Plaintiff's Complaint as a shotgun pleading. *See* Doc. 5 at 4. USAA CIC argues that the Complaint improperly incorporates all preceding paragraphs into each count; and with two defendants this structure makes it difficult to respond to the Complaint. The Court agrees that generally shotgun pleadings impede the administration of its duties. *See PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.,* 598 F.3d 802, 806 n. 4 (11th Cir. 2010). And "[a] complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Lampkin-Asam v. Volusia County School Bd.*, 261 Fed. Appx. 274, 277 (11th Cir. 2008) (citation omitted). This includes a complaint that is "disjointed, repetitive, disorganized and barely comprehensible." *Id*. at 276. When faced with such a pleading, a court should strike the complaint

and instruct plaintiff to file a more definite statement. *See Davis v. Coca-Cola Bottling Co. Consolidated*, 516 F.3d 955, 984 (11th Cir. 2008).

But in this case, Counts I and III are against Defendant USAA CIC only. *See* Doc. 2 at 4, 7. And Counts II, III, and IV specifically state that the Plaintiff adopts and realleges all prior *material* paragraphs as if fully set forth herein. Doc. 1 at ¶16, 23, 34. Overall, Plaintiff's Complaint meets the general pleading requirements in federal court. Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed.R.Civ.P. 8(a)(2); *Ashcroft*, 556 U.S. at 677-78. And Rule 10 requires that each claim be "limited as far as practicable to a single set of circumstances," and each claim founded on a separate transaction or occurrence be stated in a separate count or defense if doing so would promote clarity. Fed.R.Civ.P. 10(b). Plaintiff has complied with these rules in this Complaint. Accordingly, USAA CIC's Motion will be denied on this basis.

Finally, USAA CIC argues that the statutory bad faith action against it should be dismissed as premature because it was filed before the resolution of the underlying action. Doc. 4 at 2. GEICO's Motion argues the same. *See* Doc. 4. GEICO argues that dismissal is the appropriate remedy because Plaintiff has no legitimate basis to assert a statutory bad faith claim against GEICO in the same action as the uninsured/underinsured motorist claim. *Id*. at 2-3. And, GEICO argues, Plaintiff's sole purpose in combining the claims was to defeat removal of the bad faith claim to federal court on the basis of diversity jurisdiction.[3] *Id*. Plaintiff agrees that the statutory bad faith claims are premature, but argues that abatement is the appropriate remedy. The Court agrees with the Plaintiff.

---

[3] At this juncture, this particular argument is now moot.

USAA CIC and GEICO are correct that the statutory bad faith actions are premature because Plaintiff has filed its underlying first-party actions simultaneously with its bad faith actions. *See Blanchard v. State Farm Mut. Auto Ins. Co.*, 575 So. 2d 1289, 1291 (Fla. 1991). As noted in *Blanchard*,

> An insured's underlying first-party action for insurance benefits against the insurer must be resolved favorably to the insured before the cause of action for bad faith in settlement negotiations can accrue. It follows that an insured's claim against an uninsured motorist carrier for failing to settle the claim in good faith does not accrue before the conclusion of the underlying litigation for the contractual uninsured motorist insurance benefits.

*Id.* at 1291.

The Court recognizes that either dismissal without prejudice or abatement would resolve the issue of prematurity, and it is well-established that either disposition is permissible under Florida law. *See Safeco Ins. Co. of Ill. v. Rader*, 132 So. 3d 941, 948 (Fla. 1st DCA 2014) (holding that if an insured files a premature claim for bad faith, it should "be either dismissed without prejudice or abated"); *Safeco Ins. Co. of Ill. v. Beare*, 152 So. 3d 614, 617 (Fla. 4th DCA 2014) (same); *State Farm Mut. Auto. Ins. Co. v. O'Hearn*, 975 So. 2d 633, 635–36 (Fla. 2d DCA 2008) (same).

Indeed, many courts—both state and federal—have abated rather than dismissed premature bad faith claims. *See, e.g.*, *Gianassi v. State Farm Mut. Auto. Ins. Co.*, 60 F. Supp. 3d 1267, 1271 (M.D. Fla. 2014); *State Farm Mut. Auto. Ins. Co. v. Tranchese*, 49 So. 3d 809, 810 (Fla. 4th DCA 2010); *Esposito v. 21st Cent. Centennial Ins. Co.*, Case No. 14–cv–1881, 2015 WL 1612012, at *2 (M.D. Fla. Apr. 9, 2015); *Fridman v. Safeco Ins. Co. of Illinois*, 185 So. 3d 1214, 1229 (Fla. 2016).

To the extent that USAA CIC and GEICO suggest that dismissal is required by Fed. R. Civ. P. 8(a)(2), that would be in conflict with the decisions of many Florida and federal courts, and

in the absence of any binding authority holding such, this Court is not persuaded. In this case, given that all parties are already before this Court, abatement is more appropriate than dismissal. *See Neu v. Liberty Mut. Ins. Co.*, 8:15-CV-2048-T-36AEP, 2016 WL 7206109, at *2 (M.D. Fla. May 19, 2016) (Honeywell, J.) (holding that in cases involving premature statutory bad faith claims both dismissal and abatement are appropriate, and in that case abatement was more appropriate because it would conserve judicial resources and reduce the potential for inconsistent rulings.). The Court will deny both motions on this basis.

Accordingly, it is

**ORDERED**:

1. Defendant Government Employee Insurance Company's Motion to Dismiss (Doc. 4) is **DENIED**.

2. Defendant USAA Casualty Insurance Company's Motion to Dismiss (Doc. 5) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on December 22, 2017.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any